# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **MARIE GORMAN,** | ) <br> ) <br> ) **Civil Action No.** <br> ) <br> ) <br> ) **Jury Trial Demanded** <br> ) <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| **PARAMOUNT RECOVERY SYSTEMS,** | |
| Defendant. | |

## COMPLAINT

MARIE GORMAN ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PARAMOUNT RECOVERY SYSTEMS ("Defendant"):

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), the Telephone Consumer Protection Act ("TCPA,") the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq*., and Texas Common Law.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

4. Supplemental jurisdiction to all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq*.

## III. PARTIES

5. Plaintiff is a natural person who resides in Dallas, Texas.

6. Defendant is a debt collection company with its headquarters located at 111 E. Center St., Lorena, TX 76655.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

8. Defendant conducts business and has its headquarters located in the State of Texas, thus personal jurisdiction is established.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. At all relevant times, Defendant sought to collect an alleged consumer debt of another person related to a medical bill.

11. The alleged debt arose out of transactions that were for personal, family or household purposes.

12. Furthermore, as Plaintiff has no business debt, the alleged debt could only be personal in nature.

13. Between February and May 2012, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's home telephone in order to collect the alleged debt.

14. Defendant's harassing collection calls originated from numbers including, but not limited to (866) 250-7007 and (254) 857-7007. The undersigned has confirmed that these numbers belong to Defendant.

15. Defendant called on average, more than twice a day in its attempts to collect the alleged debt.

16. Plaintiff does not owe the debt that Defendant was attempting to collect.

17. Plaintiff confirmed with the original creditor that she does not owe the subject debt, and she notified Defendant of that confirmation, however calls continued.

18. Plaintiff's notified Defendant that she would not pay any amount as she did not owe the debt and yet calls continued.

19. Defendant's continued calls under the above circumstances, leaves no other conclusion but that Defendant intended to harass Plaintiff, wanting her to pay the debt rather than continue to endure repeated calls.

20. Upon information and belief, when contacting Plaintiff on her cellular phone, Defendant often used an automatic telephone dialing system, artificial voice, pre-recorded, or computer generated voice.

21. Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

22. Over the period that Defendant was contacting Plaintiff, upon information and belief, Defendant called Plaintiff several times on her cellular phone using a pre-recorded, computer generated, artificial voice or automated message.

23. In response to receiving Defendant's auto-dialed, automated calls, Plaintiff advised Defendant on numerous occasions and advised its collectors that Defendant was calling the wrong person and that she did not owe this debt.

24. Defendant also reported the alleged debt to the credit agencies, without reporting to the agencies that the debt was disputed by Plaintiff.

25. Finally, Defendant did not inform Plaintiff within five days of its initial contact with her how she could dispute the debt, how she could obtain verification of the debt, or that unless she disputed the debt within thirty days, the debt would be assumed to be valid, in violation of the FDCPA.

26. Defendant took the actions described above with the intent to harass, deceive and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff after she disputed the debt, when it called Plaintiff after she told it that the original creditor had confirmed that Plaintiff did not owe this debt, and when it engaged in other harassing, oppressive, or abusive conduct.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

29. Section 1692d(5) prohibits debt collectors from causing a consumer's telephone to ring repeatedly with the intent to annoy the hearer.

30. Defendant violated § 1692d(5) when it caused Plaintiff's telephone to ring repeatedly with the intent to annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692e OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or mean in connection with the collection of any debt.

32. Defendant violated § 1692e of the FDCPA when it failed to report to the credit agencies that the subject debt was disputed by Plaintiff, when it sought to collect a debt from Plaintiff that she does not owe, and when it engaged in other deceptive or misleading conduct in its attempt to collect the alleged debt.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(2)(A) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making the false representation of the character, amount, or legal status of any debt.

34. Defendant violated § 1692e(2)(A) when it represented that Plaintiff owed a debt that she did not owe.

## COUNT V
## DEFENDANT VIOLATED § 1692e(8) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

43. Section 1692e(8) prohibits debt collectors from communicating to any person credit information that is known to be false, including the failure to communicate that a disputed debt is disputed.

44. Defendant violated § 1692e(8) of the FDCPA when it failed to communicate to the credit agencies that the subject debt was disputed by the Plaintiff.

**COUNT VI**
**DEFENDANT VIOLATED § 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

45. Section 1692e(10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

46. Defendant violated § 1692e(10) of the FDCPA when it failed to report to the credit agencies that the subject debt was disputed by Plaintiff, when it sought to collect from Plaintiff a debt she did not owe, and when it engaged in other deceptive or misleading conduct in its attempt to collect the alleged debt.

**COUNT VII**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

47. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

48. Defendant violated § 1692f when it called Plaintiff repeatedly and continuously, when it called Plaintiff after she told it that the original creditor had confirmed that Plaintiff did not owe this debt, when it sought to collect from Plaintiff a debt she did not owe, when it reported the debt to the credit bureaus but failed to indicate it was disputed, and when it and when it engaged in other unfair conduct.

**COUNT VIII**
**DEFENDANT VIOLATED § 1692f(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

49. Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized or permitted by law.

50. Defendant violated § 1692f(1) of the FDCPA when it attempted to collect a debt

from Plaintiff that she did not owe, and as such, was not permitted by law nor authorized.

### COUNT IX
### DEFENDANT VIOLATED § 1692g(a) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

51. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is disputed, the debt collector will obtain verification of the debt.

2. Defendant violated § 1692g(a) of the FDCPA when it failed to send the Plaintiff within five days of its initial contact with her written notice regarding how she could dispute the debt, how she could obtain verification of the debt, and that unless she disputed the debt within thirty days, the debt would be assumed to be valid.

### COUNT X
### DEFENDANT VIOLATED § 392.302(4) OF THE
### TEXAS FAIR DEBT COLLECTION PRACTICES ACT

52. Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

53. Defendant violated § 392.302(4) of the Texas FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff after she disputed the debt, when it called Plaintiff after she told it that the original creditor had confirmed that Plaintiff did not owe this debt, and when it engaged in other harassing, oppressive, or abusive conduct.

## COUNT XI
## DEFENDANT VIOLATED § 392.303(a)(2) OF THE
## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

54. Section 392.303(a)(2) of the Texas FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

55. Defendant violated § 392.303(a)(2) when it called Plaintiff repeatedly and continuously, when it called Plaintiff after she told it that the original creditor had confirmed that Plaintiff did not owe this debt, when it sought to collect from Plaintiff a debt she did not owe, when it reported the debt to the credit bureaus but failed to indicate it was disputed, and when it and when it engaged in other unfair conduct.

## COUNT XII
## DEFENDANT VIOLATED § 392.304(a)(8) OF THE
## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

56. Section 392.304(a)(8) of the Texas FDCPA prohibits debt collectors from making fraudulent, deceptive or misleading representations when collecting a debt.

57. Defendant violated § 392.304(a)(8) when it failed to report to the credit agencies that the subject debt was disputed by Plaintiff, when it sought to collect a debt from Plaintiff that she does not owe, and when it engaged in other deceptive or misleading conduct in its attempt to collect the alleged debt.

## COUNT XIII
## DEFENDANT INVADED PLAINTIFF'S PRIVACY BY
## INRUDING UPON HER SECLUSION

58. Texas recognizes the tort of intrusion upon seclusion. See Robinson v. Brannon, 313 S.W.3d 860, 867 (Tex. App. 2010).

59. An unwarranted intrusion upon seclusion is proved by showing that (1) an intentional intrusion, physical or otherwise, upon another's solitude, seclusion, or private affairs or concerns, (2) the intrusion would be highly offensive to a reasonable person, and (3) the person suffered an injury as a result of the intrusion. See Id.

60. Defendant's repeated debt collection calls to Plaintiff, intruded upon the solitude of Plaintiff.

61. Defendant's conduct and repeated calls were highly offensive to Plaintiff, as it would be any reasonable person.

62. Plaintiff felt frustrated, angry and anxious, and also lost valuable personal time as a result of Defendant's intrusion.

63. This act was committed with malice, intent, wantonness and recklessness, affording Plaintiff the remedy of actual and punitive damages.

### COUNT XIV
### DEFENDANT WAS NEGLIGENT IN ITS HIRING, TRAINING AND SUPERVISION OF DEBT COLLECTORS

64. Under Texas law, direct claims such as negligent hiring, supervision, training, and retention are based on the employer's own negligent conduct in creating an unreasonable risk of harm to others, and thus, causes of action for negligent hiring, supervision, training, and retention are a means to make an employer liable for the negligence of an employee. Williams v. McCollister, 671 F. Supp. 2d 884 (S.D. Tex. 2009).

65. As Defendant solicited business from Plaintiff, Defendant owed Plaintiff a duty to conduct its business in a reasonable manner.

66. Defendant failed to update its records and continued to contact Plaintiff despite the fact that she disputed the debt and indicated to Defendant that this was a case of mistaken identity.

67. As such, Defendant failed to properly hire, train and supervise its debt collectors, and breached its duty to Plaintiff.

68. As a proximate result of Defendant's negligent hiring, training and supervision, Plaintiff suffered damages.

## COUNT XV
## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

69. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

70. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

71. Despite the fact that Plaintiff is a non-debtor who never consented to Defendant making calls to her telephone, upon information and belief, Defendant placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

72. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

73. Here, upon information and belief, Defendant regularly placed non-emergency, automated calls to Plaintiff's telephone, using a computer generated, pre-recorded or artificial voice.

74. Defendant did not have Plaintiff's express consent prior to contacting her on her telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

75. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice.

WHEREFORE, Plaintiff, MARIE GORMAN, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B);

    e. Punitive damages for invasion of privacy and negligence; and

    f. Any other relief deemed appropriate by this Honorable Court.

DATED: 02/01/13                        KIMMEL & SILVERMAN, P.C.

                                          By: /s/ Amy L. Bennecoff
                                          Amy L. Bennecoff
                                          Kimmel & Silverman, P.C.
                                          30 East Butler Pike
                                          Ambler, Pennsylvania 19002
                                          Phone: (215) 540-8888
                                          Facsimile:(877) 788-2864
                                          Email: abennecoff@creditlaw.com